UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
UNITED STATES OF AMERICA,                       :
:
                        Plaintiff,      :   10 Civ. 9398 (TPG)
:
     – against –                              :   **OPINION**
:
$7,206,157,717 ON DEPOSIT AT JP                 :
MORGAN CHASE BANK, N.A.,                        :
:
              Defendant in rem.   :
------------------------------------------------x

      This case involves the forfeiture of funds by the estate of Jeffrey Picower to the United States. This forfeiture action was filed and settled on December 17, 2010. The settlement was approved by this court via a stipulation and order of settlement on that same day. Proposed intervenor Adele Fox has filed motions to intervene and to amend, modify, or rescind the aforementioned settlement. Fox's motions are denied.

## BACKGROUND

      The origins of this case are with the Ponzi scheme run by Bernard Madoff. Picower was an investor with Madoff for almost 30 years. Picower was one of the so-called "net winners" in the Madoff fraud, as he withdrew more from his Madoff accounts than he put in. The Government maintains that any net withdrawals from Madoff accounts represent proceeds from Madoff's crimes and thus are forfeitable to the

United States.  The defendant in rem in this case represents the net withdrawals across all of Picower's accounts with Madoff.

In the settlement of this case, Picower's estate agreed to forfeit the entire amount sought.  All of the forfeited funds will be used to compensate victims of Madoff's fraud.  Irving Picard, the trustee winding down Madoff's operation in the bankruptcy court, is managing this victim compensation.  <u>In re Bernard L. Madoff Inv. Securities LLC</u>, No. 08–01789 (BRL) (Bankr. S.D.N.Y., filed December 11, 2008).  Picard's method of compensation is, in short, to compensate "net losers" first and then, if any funds remain, to move on to claims of net winners.

Fox, like Picower, is a net winner.  Fox is also lead plaintiff in a class action pending in Florida that asserts tort claims against Picower for his alleged role in Madoff's fraud.  This class action was enjoined by the bankruptcy court because it violated the automatic stay called for in the Bankruptcy Code.  <u>Picard v. Fox</u>, 429 B.R. 423 (Bankr. S.D.N.Y. 2010), <u>appeal docketed</u>, Nos. 10 Civ. 4652 (JGK), 10 Civ. 7101 (JGK), 10 Civ. 7219 (JGK).

Fox now seeks to intervene in the present action.  Fox's main goal appears to be to challenge the treatment of net winners.  Fox argues that the priority given net losers is unfair.  In fact, in the class action just described, Fox purports to represents all net winners in their quest to recoup funds from Picower, as alternative to waiting to see if they receive compensation from Picard.  Fox wishes the court to prevent the entire

amount forfeited from ending up in the hands of Picard because he allegedly will distribute those funds unfairly--i.e., give priority to net losers.  Fox claims she is entitled to intervention because, *inter alia*, she has an interest in the funds as a victim of Madoff's fraud.

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as a matter of right and at the discretion of the court.  In applying Rule 24, the Second Circuit has held:

> To intervene as of right, a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001).  Fox fails this test because she cannot show that she has an interest in this action.  For many reasons, Fox's status as a victim of Madoff's fraud is too remote to create the interest necessary to intervene.  Perhaps the most basic reason is that this is a forfeiture action and victimhood does not create an interest in forfeited property as there is no requirement that forfeited property be given to victims.  See 18 U.S.C. § 981(e); U.S. v. Pescatore, 637 F.3d 128, 137 (2d Cir. 2011) ("[T]he Attorney General is allowed to choose between restoration and retention . . . and we are not aware of[] any provision in this or any other section that requires the Attorney General to choose either option over the other.").  Thus, Fox has, at most, a contingent interest in forfeited funds, which is an

insufficient interest on which to grant intervention as a matter of right. See Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc., 725 F.2d 871, 874 (2d Cir. 1984).

Permissive intervention under Rule 24 is also inappropriate. This is an action in rem and the proposed intervenor has no direct interest in the res. To allow those with, at most, contingent interests in a res to intervene would open the floodgates of intervention in forfeiture actions and thus would not serve the efficient administration of justice.

In any case, the proper avenue for Fox to challenge Picard's method of compensating Madoff's victims is not with this case, but with the appeal by other net winners of the Bankruptcy Court's decision approving of Picard's method. That appeal is currently pending in the Second Circuit. SIPC v. Bernard L. Madoff Inv. Secs. LLC, No. 10-2378 (2d Cir., argued Mar. 3, 2011).

Finally, because Fox may not intervene in this action, her motion to amend, modify, or rescind the stipulation and order of settlement is denied.

## CONCLUSION

Fox's motions to intervene and to amend, modify, or rescind the order of settlement are denied.

This resolves the motion listed as document 6 on this docket.

Dated: New York, New York
       May 23, 2011

                                            Thomas P. Griesa
                                            U.S.D.J.